## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

Ellen M. McDowell
Joseph F. Riga
McDowell Law, PC
46 W. Main Street
Maple Shade, NJ 08052
Telephone: (856) 482-5544        **Proposed Attorneys for the Debtor**
Telecopier: (856) 482-5511
emcdowell@mcdowellegal.com

---

| | |
|---|---|
| In re: | Case No. 24-17484 |
| **FASTLINE CARGO, LLC,** | Chapter 11 |
| Debtor. | |

### MEMORANDUM OF LAW IN SUPPORT OF THE DEBTOR'S MOTION TO TO REVOKE SUBCHAPTER V ELECTION

Fastline Cargo, LLC (the "Debtor") has moved for an Order of the Bankruptcy Court allowing it to revoke its Subchapter V election by filing an amended bankruptcy petition under Chapter 11 of the Bankruptcy Code. In support of the motion, Debtor offers this memorandum of law.

### Factual Background

Debtor filed a Chapter 11 bankruptcy petition on July 29, 2024. In that petition, the Debtor made a small business debtor reorganization election under Subchapter V of Chapter 11. Until very recently, the debt limit for such a designation was increased from $3,024,725.00 to $7,500,000.00 in light of the Covid 19 pandemic. Despite a bipartisan effort to continue the debt limit increase, the legislation failed and the original debt limitation became active once more beginning on June 22, 2024. Because the Debtor filed its petition a week after this event, and because its debt exceeds the reduced limit, its Chapter V designation was improper. Debtor tried

to ameliorate this situation by filing an amended petition that did not contain a Subchapter V designation on August 13, 2024, but because of the recency of the debt limit change, and indeed, the relative infancy of Subchapter V itself, the Bankruptcy Court directed the Debtor to file a motion seeking approval of the revocation of its Subchapter V election instead. The Debtor's motion to that effect followed, and this memorandum is offered in support.

## Argument

### DEBTOR MAY REVOKE ITS SUBCHAPTER V ELECTION BY FILING AN AMENDED PETITION REMOVING THE DESIGNATION

Given the nascent status of the law concerning Subchapter V of Chapter 11 generally, the Court, in an abundance of caution, ordered this motion to be filed so that the revocation of the Debtor's Subchapter V election might go out on sufficient notice. A review of the case law confirms that there is very little written about such a revocation. An opinion out of the United States Bankruptcy Court for the District of Columbia, however, provides some guidance on the issues at hand. See In re National Small Business Alliance, Inc., 642 B.R. 345 (Bankr. D.D.C. 2022). In the NSBA case, a long protracted Subchapter V case seemed antithetical to the purpose of Subchapter V to streamline Chapter 11, and led the Bankruptcy Court to question whether proceedings in Subchapter V were appropriate. Id. at 346-47 (noting, among other things, that the debtor had failed five times to confirm a plan of reorganization). The Court, however, did not wish to see the case dismissed or converted to Chapter 7, as those outcomes were not in the best interest of the estate either. Id. Thus, as a matter of first impression, the Court considered whether it could, *sua sponte*, revoke the designation or, alternatively, order the Debtor to do so itself. Id. at 347-48. While the circumstances of NSBA differ from the Debtor's, the NSBA Court's holdings are instructive:

2

● Noting that most reported cases concern the opposite situation – whether a debtor under a standard Chapter 11 case could later convert to a Subchapter V case -- the court observed that most bankruptcy courts to consider the issue "found that an eligible debtor could not convert to Subchapter V, but could instead remain in chapter 11 and amend their petition to elect to proceed under Subchapter V." Id. at 348.

● Extrapolating from these cases, the NSBA Court concluded that "the converse is applicable ... The Court cannot order that the debtor convert to a 'standard' chapter 11, but instead must order that the Debtor's petition be amended to revoke the election to proceed under Subchapter V." Id.

Thus, while the Court expressed doubt that third parties or even the Court could force such a revocation, it did determine that a Debtor's decision to revoke its designation was consistent with both the Bankruptcy Code and Congressional goals concerning Subchapter V: "Therefore, the Court finds that the ability to revoke a Subchapter V election is consistent with the Bankruptcy Code but also the Congressional goals of ensuring that Subchapter V cases provide a quicker reorganization process. If a debtor discovers post-petition that it is unable to meet the deadlines of Subchapter V, the option to revoke such designation provides the ability to continue to attempt to reorganize under the rigors and requirements of standard chapter 11." Id. at 348-49.

Finally, while the impetus to revoke the designation in NSBA was an inability to proceed effectively under the streamlined deadlines of Subchapter V, something not applicable in the case at bar, the Court further recognized that the same procedural approach might be appropriate when a debtor who has made the Subchapter V election is not eligible to make it -- the exact situation before this Court: "In a situation where a Debtor has elected Subchapter V status but is

3

either (a) <u>not eligible or</u> (b) cannot meet the deadlines and requirements thereof, <u>allowing for the revocation of the Subchapter V designation so that the debtor may proceed under standard chapter 11 is consistent with the right conferred to a debtor in the Bankruptcy Code to convert a case to another chapter therein.</u> *See* 11 U.S.C. § 1112(a). There are benefits to both debtors and creditors to allow a case to remain under chapter 11 with a revocation of the Subchapter V election in lieu of requiring a debtor to have its case dismissed and immediately refiled. Thus, in the appropriate situations and based upon a totality of the circumstances, the Court is able [to] order the revocation of the Debtor's Subchapter V election, even where the revocation is not specifically provided for in the Bankruptcy Code." <u>Id</u>. at 349 (emphasis added, footnote omitted).

Consequently, it is respectfully submitted that this Court should approve Debtor's revocation as reflected in its amended petition, and order the Clerk to accept the Debtor's amended petition as filed.

### **Conclusion**

For all of the foregoing reasons, the Debtor respectfully requests that this Court enter the form of Order provided herewith and grant its motion for Order Allowing Revocation of Subchapter V election.

Dated: Maple Shade, N.J.  
       August 20, 2024

Respectfully submitted,  
**McDOWELL LAW, PC**

  /s/   Ellen M. Mcdowell            /  
     Ellen M. McDowell

Proposed Counsel for the Debtor

4